UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 08-50493
                                                    Hon. Sean F. Cox

MELINDA BUCHANAN

    Defendant.

_____

## **ORDER**

This matter is before the Court on Defendant's Motion for Removal of Arrest Record From Criminal Criteria Search Data Base. Defendant asks the Court to expunge her arrest record. For the following reasons, the Court **DENIES** Defendant's Motion.

On August 9, 2007, the government filed a complaint alleging Defendant violated 18 U.S.C. § 641 by fraudulently receiving child care subsidies and submitting forged and fraudulent documents. An arrest warrant was issued. Defendant was arrested and released on bond. On September 24, 2007, the government filed a motion to dismiss the complaint without prejudice. The motion was granted and the complaint was dismissed without prejudice on September 24, 2007.

On May 5, 2008, Defendant filed the instant Motion to expunge her arrest record in order to obtain employment with the Michigan Department of Education.

The Sixth Circuit has held that "[i]t is within the inherent equitable powers of the a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*,

1

556 F.2d 391, 393 (6th Cir. 1977).  However, in an unpublished decision, the Sixth Circuit also held that because the government has a strong interest in maintaining their records, "the expungement power is narrow and appropriately used only in extreme circumstances."  *United States v. Robinson*, 79 F.3d 1149, *1 (6th Cir. 1996).  The court noted "federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct."  *Id.* at *2.

In this case, Defendant asks that her arrest record be expunged so she can obtain employment.  The court in *United States v. Flagg*, 178 F.Supp.2d 903 (S.D.Ohio 2001), addressed a similar situation.  In *Flagg*, the court held that records of valid arrests, indictments or convictions ordinarily may not be expunged.  *Id.* at 905.  "The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal significance, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the Government ultimately fails to prove guilt."  *Id.*  Even assuming the defendant would suffer adverse consequences without expungement, because the arrest was valid and the government did not concede the defendant was innocent, the *Flagg* court found that the defendant's arrest record could not be expunged.  Likewise in this case, Defendant is not entitled to expungement.  There is no indication that her arrest was invalid or that the government concedes she was innocent.  Defendant does not offer any other persuasive reason for expunging the record of her arrest.

Defendant's Motion for Removal of Arrest Record From Criminal Criteria Search Data Base is **DENIED**.

**IT IS SO ORDERED.**

                                                  S/ Sean F. Cox
                                                  United States District Judge

Date: June 10, 2008

I hereby certify that on June 10, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Melinda Buchanan
7455 LaSalle
Detroit, MI 48206

                                                  S/ Jennifer Hernandez
                                                  Case Manager